# United States Bankruptcy Court
## Southern District of Florida
## (Miami Division)

In re
MOSHE ENBAR,

*Debtor.*

Case No. 16-21262
Adv. No.
A.J.C.

STEVEN G. LEGUM,

*Plaintiff,*

v.

MOSHE ENBAR,

*Defendant.*

JAN 10 2017

## COMPLAINT

Plaintiff, Steven G. Legum, as and for his complaint respectfully alleges:

1. This is an action for a judgment denying debtor-defendant Moshe Enbar a discharge pursuant to 11 U.S.C. § 727 (a) (2), 11 U.S.C. § 727 (a) (3), 11 U.S.C. § 727 (a) (4) (A), 11 U.S.C. § 727 (a) (4) (D), and 11 U.S.C. § 727 (a) (5).

2. This Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 157, 11 U.S.C. § 727 and pursuant to Bankruptcy Rules 4004 and 7001. This is a core proceeding pursuant to Bankruptcy Code § 157 (b) (2). To the extent that the cause of action set forth herein does not constitute a core proceeding then, and in such event, plaintiff consents to the issuance by this Court of final Conclusions of Law and Findings of Fact.

3. The defendant-debtor filed his petition under Chapter 7 of the United States Bankruptcy Code in this Court on August 16, 2016.

### FIRST COUNT

4. The Trustee has duly served a notice and schedule of documents to be produced in conjunction

with an examination to be conducted pursuant to Rule 2004.

5. The documents sought and required to be produced to the Trustee reflected property of the debtor within one year of the filing of the petition and all his books and records relative to all funds received and retained by him.

6. The debtor has hidden, concealed, and failed to produce the books and records demanded by and which were to be produced to the Trustee, and was done with the intent to defraud such officer of the estate.

7. By virtue of the foregoing, the debtor is not entitled to a discharge by virtue of 11 U.S.C. §§ 727 (a) (2) and (a) (4) (D).

## SECOND COUNT

8. The plaintiff duly served a notice and schedule of documents to be produced in conjunction with an examination to be conducted pursuant to Rule 2004.

9. The documents sought and required to be produced reflected property of the debtor within one year of the filing of the petition and all his books and records relative to all funds received and retained by him.

10. The debtor has hidden, concealed, and failed to produce the books and records demanded by and which were to be produced at such Rule 2004 examination, and was done with the intent to defraud such creditor of the estate.

11. By virtue of the foregoing, the debtor is not entitled to a discharge by virtue of 11 U.S.C. §§ 727 (a) (2) and (a) (4) (D).

## THIRD COUNT

12. The debtor during the operations of his businesses from 2006 and thereafter received approximately $10 million from various sources.

with an examination to be conducted pursuant to Rule 2004.

5. The documents sought and required to be produced to the Trustee reflected property of the debtor within one year of the filing of the petition and all his books and records relative to all funds received and retained by him.

6. The debtor has hidden, concealed, and failed to produce the books and records demanded by and which were to be produced to the Trustee, and was done with the intent to defraud such officer of the estate.

7. By virtue of the foregoing, the debtor is not entitled to a discharge by virtue of 11 U.S.C. §§ 727 (a) (2) and (a) (4) (D).

## SECOND COUNT

8. The plaintiff duly served a notice and schedule of documents to be produced in conjunction with an examination to be conducted pursuant to Rule 2004.

9. The documents sought and required to be produced reflected property of the debtor within one year of the filing of the petition and all his books and records relative to all funds received and retained by him.

10. The debtor has hidden, concealed, and failed to produce the books and records demanded by and which were to be produced at such Rule 2004 examination, and was done with the intent to defraud such creditor of the estate.

11. By virtue of the foregoing, the debtor is not entitled to a discharge by virtue of 11 U.S.C. §§ 727 (a) (2) and (a) (4) (D).

## THIRD COUNT

12. The debtor during the operations of his businesses from 2006 and thereafter received approximately $10 million from various sources.

13. Debtor alleges that he has no records and has failed and refused to account for any of the funds received.

14. Debtor has failed and refused to produce tax returns which would reflect the disposition of such funds.

15. The debtor has concealed, destroyed, mutilated, falsified, and/or failed to keep and preserve any recorded information, including relevant books, documents, records, and papers, from which the debtor's financial condition, or business transactions might be ascertained, and such failure is not justified under all of the circumstances of the case.

16. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. § 727 (a) (3).

### FOURTH COUNT

17. The debtor holds the license, and is reflected with the Secretary of State of the State of New York as the broker of record for the real estate brokerage firm known as Magnum Realty Holdings, LLC ("Magnum").

18. Debtor, upon information and belief, is receiving commissions from transactions undertaken by Magnum either directly, indirectly, or in repayment of a monetary obligation which debtor has to his wife, Linda Enbar.

19. Debtor has failed to maintain and retain records of such transactions of Magnum including, for a period of three years, records of each transaction effected through his office concerning the sale of real estate used or occupied, or intended to be used or occupied, wholly or partly, as the home or residence of one or more persons improved by a one-to-four family dwelling, or a condominium or cooperative apartment, including the name and addresses of the seller and buyer, the broker prepared purchase contract or binder,

amount of commission paid to broker, gross profit realized by broker, and listing agreement. Debtor has also failed to keep written records of all real estate listings obtained by any salesperson, sufficient to identify the transaction.

20. The failure to maintain and retain such records is not justified under all of the circumstances of the case since the retention of such documents is mandated by regulation. *See*, 19 N.Y.C.R.R. §§ 175.23 (a) and 175.21 (b).

21. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. § 727 (a) (3).

### FIFTH COUNT

22. The debtor has knowingly and fraudulently made a false oath or account in this case by falsely testifying under oath in this case that:

- He does not know who occupies his former residence in New York, 345 Broadway, Lawrence, New York even though it was owned by him, purportedly transferred to a trust owned and controlled by his wife, and even though he stays in such residence on regular and repeated basis during his routine trips to New York;
- He has no idea nor does he recall whether he ever discusses business with his wife, even though he testified that his wife consults with him about the real estate business since he is the broker of record for Magnum, purportedly owned by her;
- He does not recall whether his purported residence of the last approximate ten years was ever rented to any party;
- He never discussed with his wife the issuing of leasing the marital residence shared by them;
- He does not know where the funds came from to renovate the residence approximately eight years ago;
- He does not recall whether he received any consideration for the relinquishment of his ownership interest in the New York property in 2014, which property he valued at approximately $900,000;
- He claimed to be the sole owner of the entity, Magnum Real Estate Services, Inc. and so listed it on the petition, even though he, in 2013, signed and had submitted an affidavit in judicial proceedings in the Supreme Court of the State of New York that he sold his interest in such entity;
- He denied that he knew the purported purchaser of that entity even though the purchaser was an entity owned and controlled by his wife;

-4-

- He did not remember whether there was any consideration for such transfer;
- He could not remember how many times in the past year or month he was in the real estate offices in New York;
- He could not explain why he would go to New York to review papers relative to real estate transactions when the papers to be reviewed were purportedly given to him by his wife, with whom he resides, in Florida;
- He could not recall what happened to, nor did he produce any papers, or tax returns as to even one of the multiple loan proceeds he received totaling multiple millions of dollars approaching $10 million.

23. The foregoing constitute a pattern and practice during this case pursuant to which the debtor made a false oath.

24. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. § 727 (a) (4) (A).

## SIXTH COUNT

25. The debtor's failure to produce records, documents, and tax returns reflecting the disposition and inability to account for approximately $10 million received and collected by the debtor from real estate transactions, constitutes the failure to account for assets which would be sufficient to meet the debtor's liabilities.

26. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. § 727 (a) (5).

## SEVENTH COUNT

27. The foregoing constitute a failure by the debtor to produce the documents, books, and records to the Trustee, an officer of the estate.

28. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. § 727 (a) (4) (D).

## EIGHTH COUNT

29. Defendant has filed schedules with this Court which schedules are false, misleading, contain untrue statements, omissions, and were known by the defendant at the time made and filed under oath to constitute both a false oath and account.

30. Upon information and belief, debtor is indebted to his wife, Linda Enbar, in an amount which he characterized as "a lot of money," which debt was not listed on his schedules.

31. The schedule of personal property fails to account for all of the funds received and held by the debtor.

32. The schedules falsely list the amount of income earned by the defendant on a monthly basis.

33. The statement of financial affairs falsely sets forth the amount of income.

34. The statement of current monthly income and means test calculation improperly lists income.

35. By virtue of the foregoing, the defendant is not entitled to discharge pursuant to 11 U.S.C. §§ 727 (a) (2) (A) and 727 (a) (4) (a).

## NINTH COUNT

36. Debtor has not explained or accounted for funds received by him and why such sums are not listed on his schedules.

37. Defendant has hidden and secreted funds including utilizing his wife, illegally and in a criminal manner, to receive real estate brokerage commissions, and has failed to account therefor or to otherwise explain the claimed loss and deficiency in assets to meet liabilities.

38. By virtue of the foregoing, defendant should be denied discharge pursuant to 11 U.S.C. § 727 (a) (5).

WHEREFORE, plaintiff prays for judgment to deny defendant a discharge, together with costs and disbursements of the action.

Dated:  Mineola, New York
        January 9, 2017

                            STEVEN G. LEGUM
                            *Plaintiff*
                            170 Old Country Road
                            Mineola, New York 11501
                            (516) 873-9300

                            by: _____
                                 Steven G. Legum